```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
MANDEL KIRKLAND,                :
                                :  Civil Action No. 09-2969 (RMB)
          Petitioner,           :
                                :
     v.                         :     **MEMORANDUM**
                                :     **OPINION**
STATE OF NEW JERSEY, et al.,    :     **AND**
                                :     **ORDER**
          Respondents.          :
_____ :

This matter comes before the Court upon Mandel Kirkland's filing of § 2254 Petition and it appearing that:

1. On June 16, 2009, the Clerk received the Petition from Mandel Kirkland, an inmate currently confined at the Southern State Correctional Facility, Delmont, New Jersey. See Docket Entry No. 1. Although the Petition is executed in a somewhat patchy writing style, it appears that Petitioner asserts the following: (a) in October of 2001, Petitioner was arrested -- and then released on bail -- in the State of Virginia; (b) after such release, Petitioner traveled to the State of New Jersey, where he was arrested in 2002 on the charges unrelated to Petitioner's Virginia arrest; (c) Petitioner's New Jersey charges resulted in the term of imprisonment Petitioner is serving at the instant juncture;[1] and (d) during Petitioner's

---

[1] Apparently, in 2007, Petitioner was released on parole with regard to his New Jersey term of imprisonment but, upon violating the conditions of his parole, he was returned to incarceration in New Jersey.

incarceration in New Jersey, Petitioner received inconsistent information from New Jersey prison officials as to whether the State of Virginia lodged and kept active a detainer against Petitioner on the grounds of Petitioner's Virginia charges (specifically, in 2002, Petitioner was informed that a Virginia detainer was lodged against him, then -- in 2005 -- he was informed that the State of Virginia dismissed its charges and, hence, the detainer was terminated, and -- finally, as recently as on March 23, 2009 -- Petitioner was once again told that the State of Virginia had an active detainer against him).  See id. at 2-3.  Petitioner, therefore, requests this Court to invalidate his Virginia charges, mainly on the grounds that Virginia did not act on these charges for nine and a half years.  See id. at 3-4.

2. Petitioner's application is deficient for a number of reasons, the primary one appearing to be Petitioner's failure to exhaust his challenges in the state courts (here, in the state courts of Virginia).² See Mokone v. Fenton, 710 F. 2d 998,

---

² Another problematic issue is the question of whether Petitioner is "in custody" on the grounds of his Virginia charges if Petitioner himself has no certainty as to whether a detainer was actually lodged by the state of Virginia, as well as to whether this detainer is still active.  To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v.

1002-03 (3d Cir. 1983) (since "only the courts of the indicting state can enter an order that would effectively void the criminal charge, . . . a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is

---

Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th [*9] ed. 2001). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Spencer v. Kemna, 523 U.S. 1 (1998). The Supreme Court determined in Maleng that, where a state "has placed a detainer . . . to ensure that at the conclusion of [petitioner's] sentence [that] he will be returned to the state authorities to begin serving his [detainer-related] state sentences [the inmate] was 'in custody' under [that detainer-related] state sentence." Maleng, 490 U.S. at 493; see also Peyton v. Rowe, 391 U.S. 54 (1968); Mokone v. Fenton, 710 F.2d 998, 1002 & n.11 (3d Cir. 1983); accord Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (reaching an analogous conclusion with regard to interstate detainers rather than detainers involving federal and state authorities, as in Maleng). However, the Braden Court expressly left open the question of whether the petitioner would be sufficiently "in custody" to attack the state indictment if no detainer had been lodged against him by that state. See Braden, 410 U.S. at 489 n.4. Although the United States Court of Appeals for the Third Circuit has not decided the question, at least two circuits have ruled that a petitioner incarcerated in one state is not "in custody" to attack charges in another state where the second state has not lodged a detainer. See Daker v. Baker, 263 Fed. Appx. 809, 812 (11th Cir. 2008); Stacey v. Warden, Apalachee Correctional Institution, 854 F.2d 401, 403 (11th Cir. 1988); Dodd v. United States Marshal, 439 F.2d 774, 775 (2nd Cir. 1971). Hence, if the State of Virginia never actually lodged a detainer against Petitioner (or had such detainer terminated at the time Petitioner executed his instant Petition), Petitioner is likely to be not "in custody" for the purposes of his § 2254 challenges, and his Petition should be dismissed for lack of jurisdiction.

pending"). A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at

4

516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350. The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson, 987 F.2d at 987. This means that the claims heard by

the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277. Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. See 28 U.S.C. § 2254(c). Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). Moreover, the exhaustion requirement applies with equal force to habeas challenges attacking not only the already imposed but also a potential future custody. See Moore, 515 F. 2d at 447.

3. Since Petitioner asserts that he was under the impression that his Virginia charges were dismissed until he learned otherwise on March 23, 2009, that is, about three months ago, and thus he had no reason to exhaust these charges in Virginia courts (and his Petition is wholly silent as to the issue of exhaustion, accordingly), it appears self-evident from the

face of the Petition that it is subject to dismissal for failure to exhaust state remedies.

4. Finally, even if Petitioner exhausted (or intends to exhaust) his state remedies in Virginia courts, this action should not be initiated in this District. Petitioner must challenge his future state custody in the appropriate federal court sitting in Virginia. See 28 U.S.C. §§ 2241(d), 2254; see also Braden, 410 U.S. at 493-94 (in habeas action to compel state-court trial, district where indictments were pending, where all of the material events took place, and where the records and witnesses pertinent to the petitioner's claims were likely to be found was "almost surely the most desirable forum for the adjudication of the claim"). Here, the future custody depends upon the issue of whether Petitioner's Virginia detainer was actually lodged and is still active. The relevant events, witnesses, and evidence (with the exception of Petitioner, himself) are located in Virginia. Thus, venue of this action properly lies in the United States District Court sitting in Virginia, and the determination as to Petitioner's proper exhaustion of his claims in Virginia state courts (if such was actually undertaken and duly completed) would be best determined by the federal court where venue of this action is proper. However, in light of the substantial likelihood that Petitioner's claims are unexhausted and, moreover, Petitioner

might even be not "in custody" under the detainer he challenges, this Court finds that it is not in the interests of justice to transfer this matter. Rather, it appears more appropriate to dismiss this action, without prejudice to Petitioner raising his § 2254 claims (after proper exhaustion of these claims in Virginia state courts) in the United States District Court for the Western District of Virginia.[3]

THEREFORE IT IS on this 29th day of **June** 2009,

**ORDERED** that the Petition is dismissed, without prejudice, for failure to exhaust state remedies; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c); and it is finally

**ORDERED** that the Clerk shall close the file on this matter and serve this Order upon Petitioner by certified mail, return receipt requested.

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**

---

[3] Since Petitioner asserts that his Virginia arrest took place in Prince William County, it appears that the United States District Court for the Western District of Virginia is the proper forum for Petitioner's § 2254 action.